UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVERSA PARTNERS, *et al.*,<br><br>    Defendants. | Civil Action No. 20-cv-3759 (BAH)<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Doe, a citizen and resident of the State of New York, commenced this employment discrimination action against his former employer, defendant Daversa Partners and Resource Systems Group Inc. t/a Daversa Partners ("Daversa"), a citizen of the State of Connecticut, and defendant Bruce Brown ("Brown"), a citizen and resident of Washington, D.C., in the Superior Court for the District of Columbia ("Superior Court") on December 17, 2020. *See* Not. Removal ¶¶ 2–3 (citing Attach. 1, Compl. ¶¶ 4, 8–9, ECF No. 1-1), ECF No. 1.[1]  Two days after the suit was filed in Superior Court and prior to service being effected, defendants, including forum-defendant Brown, removed the case to federal district court.  *See* Not. Removal

---

[1] Plaintiff filed pseudonymously in D.C. Superior Court and thus is named only as "John Doe," rather than using his full name.  Under federal and local procedural rules and applicable caselaw, in federal court, "a complaint must state the names of the parties and address of the plaintiff."  FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party" and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against defendant"); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)); *see also In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020) (noting courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).  In special circumstances, a party may be permitted to proceed anonymously, but only upon demonstration of "a concrete need for such secrecy, and identif[ication of] the consequences that would likely befall it if forced to proceed in its own name."  *Id.*  Plaintiff has not made this requisite showing to proceed pseudonymously and must do so promptly.

at 1, ECF No. 1.[2]  Plaintiff now moves to remand this case to Superior Court, pursuant to 28 U.S.C. § 1447(c), on grounds that defendants' pre-service removal, filed "immediately after [the] state court action [was] filed . . . before [] plaintiff ha[d] a chance of effectuating service," is procedurally defective and violates the forum-defendant rule codified in 28 U.S.C. § 1441(b)(2). *See* Pl.'s Mot. Remand ("Pl.'s Mot.") at 1, ECF No. 5.[3]  For the reasons provided below, the motion to remand is denied.

I.   BACKGROUND

Only the factual and procedural background relevant to resolving the pending motion for remand are summarized.  For eleven months, from July 8, 2019 until July 9, 2020, Compl. ¶¶ 21, 73–78, plaintiff worked as a full-time consultant for Daversa in Washington, D.C., and was supervised by defendant Brown, a partner at Daversa, *id.* ¶ 21.  Plaintiff alleges that Brown subjected him to "special treatment," which began as individual meetings and rides, *id.* ¶¶ 26–29, and escalated to nonconsensual sexual conversations, text messages and touching, *id.* ¶¶ 30, 36–48, 54–55, 65–67.  Despite plaintiff's rejections of sexual overtures, Brown persisted in unwanted nonconsensual touching of plaintiff, *id.* ¶ 43, including grabbing plaintiff's genitals and commenting on his penis size during a car ride, *id.* ¶¶ 36–48, and other nonconsensual contacts on business trips, *id.* ¶¶ 54–55.  Plaintiff now seeks compensatory, punitive and exemplary damages amounting to $20,000,000 on his claims of discrimination, harassment, assault, negligence, wage theft and intentional infliction of emotional distress, under the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 *et seq.*, the D.C. Wage Payment and

---

[2]  This practice is often called "snap removal" or "jackrabbit removal."  *See Breitweiser v. Chesapeake Energy Corp.*, No. 3:15-CV-2043-B, 2015 U.S. Dist. LEXIS 142083, at *6–7 (N.D. Tex. Oct. 20, 2015); Kevin M. Lewis, Cong. Research Serv., LSB10380, Make it Snappy? Congress Debates "Snap" Removals of Lawsuits to Federal Court 3 (2020) ("CRS Report").
[3]  Plaintiff's motion and memorandum are paginated separately but docketed together.  Accordingly, citations are to page numbers assigned by the Court's Case Management-Electronic Filing System ("CM-ECF").

Wage Collection Law ("DCWPWCL"), D.C. Code 32-1301, *et seq.*, and the common law of the District of Columbia.  *Id.* ¶¶ 93–187.

Before initiating this lawsuit, the parties engaged in an unsuccessful mediation, thereby alerting defendants that plaintiff could file a suit as early as December 16, 2021.  Pl.'s Mem. Supp. Mot. Remand ("Pl.'s Mem."), Attach. A, Decl. of Carla D. Brown, Esq. ¶¶ 5-6, ECF No. 5-1.  Two days after the lawsuit was filed, on Thursday, December 17, 2020, *see* Not. Removal, Attach. 3, Civil Division – Civil Actions Branch Information Sheet at 1, ECF No. 1-3, and before the Superior Court clerk had issued the summonses required for plaintiff to effectuate service, *see* Pl.'s Mem. at 11, ECF No. 5, defendants removed the action to this Court, pursuant to 28 U.S.C. § 1441 *et seq.*, on Saturday, December 19, 2020, Not. Removal at 1.  Plaintiff promptly moved to remand this action, on January 6, 2021, Pl.'s Mot. at 1, which motion became ripe for resolution on January 26, 2021.

## II. LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by . . . the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case . . . , and the court's order remanding the case to the state court whence it came 'is not reviewable on appeal or otherwise.'"  *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002) (citing 28 U.S.C. § 1447(c) and quoting *id.* § 1447(d)); *see also Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 640 (2006) (noting "[t]he policy of Congress oppos[ing] interruption of the litigation of the merits of a removed cause by prolonged litigation

of questions of jurisdiction of the district court to which the cause is removed," resulting in statutes that "have accordingly limited the power of federal appellate courts to review orders remanding cases removed by defendants from state to federal court" (internal quotation marks and citation omitted) (citing 28 U.S.C. § 1447(d))). Due to the statutory prohibition of appellate review of remanded cases, the legal standard for removal has largely been developed in the district courts.

Defendants seeking the exercise of federal court jurisdiction over a removed case "bear[] the burden of pleading" the basis for jurisdiction. *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (internal quotation marks and citation omitted); *Apton v. Volkswagen Grp. of Am., Inc.*, 233 F. Supp. 3d 4, 11 (D.D.C. 2017). Absent such a showing, a "court must remand the case." *Johnson-Brown v. 2200 M Street LLC*, 257 F. Supp. 2d 175, 177 (D.D.C. 2003) (citing 28 U.S.C. § 1447(c)).

After removal, a party may make a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction" within "30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "In light of the significant federalism concerns involved, this court 'strictly construes the scope of its removal jurisdiction,'" *RGI Events & Pub. Rels., LLC v. Al Qurm Mgmt. Consultancy*, Civil Action No. 18-1828 (BAH), 2019 U.S. Dist. LEXIS 29762, at *4–5 (D.D.C. Feb. 26, 2019) (quoting *Moses v. SunTrust Mortg., Inc.*, No. 11-cv-00822 (BJR), 2012 U.S. Dist. LEXIS 4342, 2012 WL 113375, at *2 (D.D.C. 2012) (quoting *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 100 (D.D.C. 2008))), resolving "any ambiguities concerning the propriety of removal in favor of remand," *Animal Legal Def. Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 56 (D.D.C. 2017) (internal quotation marks omitted) (quoting *Johnson-Brown*, 257 F. Supp. 2d at 177).

## III.    DISCUSSION

The parties do not dispute that this Court has subject matter jurisdiction over this action, as the parties are completely diverse and the amount in controversy is over $75,000.  *See* Pl.'s Mem. at 16; Brown's Opp'n at 1; Daversa's Opp'n at 4–5; *see also* 28 U.S.C. § 1332(a). Plaintiff seeks remand, pursuant to 28 U.S.C. § 1447(c), on grounds that defendants' pre-service "snap removal" was defective by (1) violating the forum-defendant rule, 28 U.S.C. § 1441(b)(2), and (2) impermissibly effectuating removal before "at least one defendant named in the suit [was] served."  Pl.'s Mem. at 13–14.  While the parties may debate the policy implications of snap removals, the plain text of the applicable statute governs and permits the removal that occurred here.  Each of plaintiff's purported defects are addressed *seriatim*.

### A.    Snap Removal Is Permissible Under 28 U.S.C. § 1441(b)(2)

Plaintiff contends that "no removal is possible when one of the defendants is a citizen of the state in which suit is brought."  Pl.'s Mem. at 18.  Removal of cases to federal court is governed by 28 U.S.C. § 1441, which generally bars removal of diversity jurisdiction cases when "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  *Id*. § 1441(b)(2).[4]  This "forum-defendant rule" was added to the removal statute in 1948 to address the perceived problem of plaintiffs defeating diversity jurisdiction and removal to federal court by suing a nominal in-state defendant, who was never served with process or otherwise pursued in the litigation.  *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3d Cir. 2018) ("[C]ourts and commentators have determined that Congress enacted the rule 'to prevent a plaintiff from blocking removal by

---

[4] This subsection provides in full: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interests properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

5

joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve.'" (quoting Arthur Hellman, et al., *Neutralizing the Strategem of "Snap Removal": A Proposed Amendment to the Judicial Code*, 9 FED. CTS. L. REV. 103, 108 (2016) (quoting *Sullivan v. Novartis Pharms. Corps.*, 575 F. Supp. 2d 640, 645 (D.N.J. 2009)); *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361, 1377–78 (N.D. Ga. 2011) (same); *see also Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 706 (2d Cir. 2019) (concluding that allowing defendant that has not been served to remove to federal court "'does not contravene' Congress's intent to combat fraudulent joinder" (quoting *Encompass Ins.*, 902 F.3d at 153)).

Although framed as a prohibition on removal, § 1441(b)(2) operates to permit an out-of-state defendant to remove a diversity case when the in-state defendant has not been served. As written, the plain language of this statutory provision only bars removal when a forum-defendant has been properly joined and served. Absent such joinder and service on a forum-defendant, as here, the statutory bar on removal in § 1441(b)(2) simply does not apply. Defendants are thus correct that § 1441(b)(2) only bars removal <u>if</u> any of the defendants in interest are both properly joined <u>and</u> citizens of the state in which the action is brought. Brown's Opp'n at 3; Daversa's Opp'n at 7. Here, only one of the requirements was met: while Brown fulfills the second requirement, plaintiff concedes that "Brown had not been served at the time of the removal." Pl.'s Mem. at 16. Under this reading of the plain text of § 1441(b)(2), the forum-defendant rule is inapplicable and does not bar the removal accomplished here.

Plaintiff advances several counter-arguments but none are persuasive against the plain meaning of § 1441(b)(2). First, plaintiff argues that the "properly joined and served" language was "included in the statute *to protect defendants* from the gamesmanship *of plaintiffs*, not to allow *defendants* to engage in gamesmanship *of their own*." Pl.'s Mem. at 21–22 (emphasis in

6

original).  If correct, the "cure" for the problem of nominal defendants being used to defeat diversity jurisdiction has been exploited to effectuate pre-service removals in cases brought by out-of-state plaintiffs who fully intend to litigate against a forum-defendant.  *See* CRS Report at 3.  At the same time, the legislative history for the forum-defendant rule is somewhat murky, leading some courts to conclude that "the reason behind the addition of the joined and served language is not clear from the legislative history," as the contemporaneous legislative documents "provide[] no guidance because [they] do[] not mention the revisions to § 1441 at all." *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361, 1375 (N.D. Ga. 2011) (citing S. REP. NO. 80-1559, at 1 – 16 (1948)); *see also Sullivan*, 575 F. Supp. 2d at 644 ("The court has been able to locate neither a specific statement from Congress nor from the advisory Committee on Revision of the Judicial Code . . . regarding the addition of the 'properly joined and served' language." (citing 28 U.S.C. § 1441 (1948) reviser's notes; H.R. REP. NO. 80-308 (1947), *as reprinted in* 1948 U.S.C.C.S., Special Pamphlet: Title 28 at 1692; S. REP. NO. 80-1559 (1948), *as reprinted in* 1948 U.S.C.C.S. Special Pamphlet: Title 28 at 1675; Letter from Hon. Albert B. Maris, Circuit Judge, United States Court of Appeals for the Third Circuit, and Chair of the Committee, to Mildrim Thompson, Jr., Esq. (May 10, 1946))).

In any event, even if plaintiff were correct that the "properly joined and served" language was "included in the removal statute for the sole purpose of preventing litigation gamesmanship by plaintiffs," Pl.'s Mem. at 22, courts have "no roving license, even in ordinary cases of statutory interpretation, to disregard the clear language simply on the view that . . . Congress must have intended something broader," *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 794 (2014).[5]

---

[5] Relatedly, plaintiff argues that "'snap removals' yield an undeniably absurd result" that "Congress could not have possibly intended," Pl.'s Mem. at 24, citing nearly two dozen out-of-circuit district court cases, and one

Second, leaning heavily on the applicable legal principle that the Court is to "favor[] remand where the propriety of removal is unclear," Pl.'s Mem. at 18 (citing *Newman v. Reese*, Civil Action No. 13-1969 (RC), 2014 U.S. Dist. LEXIS 83964, at *3 (D.D.C. June 20, 2014) (citation omitted)), plaintiff claims that the "sheer number of cases that disapprove of snap removals themselves makes the propriety of removal in this case doubtful," *id.* at 18 (quoting *Little v. Wyndham Worldwide Operations, Inc.*, 251 F. Supp. 3d 1215, 1220 (M.D. Tenn. 2017)). Indeed, federal courts are divided on whether the forum-defendant rule prohibits removal before any defendant has been served, while the D.C. Circuit has yet to opine on the issue. The Second, Third and Fifth Circuits permit pre-service removal based upon the plain text of § 1441(b)(2). *See Tex. Brine Co.*, *L.L.C. v. Am. Arbitration Ass'n*, 955 F.3d 482, 487 (5th Cir. 2020) (holding that a "non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state" and finding no "doubt about the propriety of removal because . . . the text [of § 1441(b)(2)] is unambiguous" (internal quotation marks omitted)); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) (holding, where defendants had not yet been served with complaints in Delaware due to the state's mandatory delay period between filing and service, that "[§ 1441(b)(2)] is inapplicable until a home-state defendant has been served in accordance

---

circuit case, that have determined "'snap removal . . . undermines the purpose of the forum-defendant rule, creates an absurd loophole, and encourages litigation gamesmanship." *Taklani v. Target Corp.*, No. 9:19-cv-80859, 2019 U.S. Dist. LEXIS 192934, at *5 n.1 (S.D. Fla. Nov. 5, 2019); *see* Pl.'s Mem. at 25–30. Plaintiff's policy arguments regarding the unfairness to out-of-state plaintiffs produced by § 1441(b)(2) are misplaced. While courts may have an "obligation to avoid adopting statutory constructions with absurd results," Pl.'s Mem. at 30 (quoting *Halbig v. Burwell*, 758 F.3d 390, 402 (D.C. Cir. 2014) (citing *Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 454–55 (1989))), the absurdity consideration "imposes a high threshold," *United States v. Cook*, 594 F.3d 883, 890–91 (D.C. Cir. 2010). To overcome the plain text of the statute, the statutory outcome must "def[y] rationality by 'rendering a statute nonsensical or superfluous' or . . . create[] 'an outcome so contrary to perceived social values that Congress could not have intended it.'" *Id.* (quoting *Landstar Express Am., Inc. v. FMC*, 569 F.3d 493, 498–99 (D.C. Cir. 2009)). While "snap removals" may permit gamesmanship by sophisticated defendants with sufficient resources to monitor court filings and immediately remove cases before a forum defendant can be served, *see* CRS Report at 3, defendants' pre-service removal does not produce such an "absurd result" that departure from the statutory text is warranted.

with state law," and that "until then, a state court lawsuit is removable under [§] 1441(a) so long as a federal district court can assume jurisdiction over the action"); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3d Cir. 2018) (holding that the plain text of § 1441 provides a "bright-line rule" and that "[p]ermitting removal on the facts of [the] case does not contravene the apparent purpose [of the statute] to prohibit" the tactic of fraudulent-joinder by plaintiffs);[6] *but see Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (eschewing literal reading of § 1441(b)(2) and requiring remand of case, explaining that "non-forum defendants accomplished a preservice removal by exploiting, first, Plaintiff's courtesy in sending them copies of the complaint and, second, the state court's delay in processing Plaintiff's diligent request for service."). The weight of authority is that snap removals are permitted under the forum-defendant rule, and the plain text of the statute supports this conclusion. Put another way, no ambiguity in the text of the statute requires resolution concerning the propriety of removal here. *See Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the West*, 366 F. Supp. 2d 33, 36 (D.D.C. 2005).

Finally, plaintiff cites a string of cases as supporting remand here, but these cases are generally inapposite and considered remand due to issues other than pre-service removal, such as the presence or lack of diversity jurisdiction, *see Bank of Am., N.A. v. Robinson*, Case No. 20-cv-00318 (TNM), 2020 U.S. Dist. LEXIS 85816, at *7 (D.D.C. May 15, 2020); *Wells Fargo Bank, N.A. v. Toggas*, Case No. 19-cv-3157 (TNM), 2020 U.S. Dist. LEXIS 48496, at *7 (D.D.C. Mar. 20, 2020); *Direct Opportunities Grp. LLC v. Ctr. for Popular Democracy Action*, Civil Action No. 19-1407 (TJK), 2020 U.S. Dist. 30927, at *3 (D.D.C. Feb. 24, 2020); *Wells Fargo Bank,*

---

[6] Plaintiff urges that this Court is "free to disagree with the reasoning of appellate courts from" the Second, Third and Fifth Circuits, which permit pre-service removals. Pl.'s Reply Mem. Supp. Mot. Remand ("Pl.'s Reply") at 1, ECF No. 8. That may be so, but the unambiguous text of the statute is binding.

*N.A. v. Wilson*, Civil Action No. 18-2381 (RC), 2019 U.S. Dist. LEXIS 12710, at *5–6 (D.D.C. Jan. 28, 2019); *U.S. Bank, N.A. v. Wilson*, Civil Action No. 18-2106 (JEB), 2018 U.S. Dist. LEXIS 184299, at *1–2 (D.D.C. Oct. 29, 2018); *Steward v. Goldman Sachs Mortg. Co., L.P.*, 206 F. Supp. 3d 131, 136–37 (D.D.C. 2016); *BGC Partners, Inc. v. Avison Young (Can.) Inc.* 115 F. Supp. 3d 119, 125–26 (D.D.C. 2015); *Gebretsadike v. Travelers Home & Marine Ins. Co.*, 103 F. Supp. 3d 78, 82–83 (D.D.C. 2015); the timeliness of the motion to remand, *see Sae Young Kim v. Nat'l Certification Comm'n for Acupuncture*, 888 F. Supp. 2d 78, 82 (D.D.C. 2012), fraudulent joinder, *Colon v. Ashby*, 314 F. Supp. 3d 116, 124–25 (D.D.C. 2018); *Smith v. Hendricks*, 140 F. Supp. 3d 66, 72–73 (D.D.C. 2015); or whether the forum-defendant rule is a waivable, non-jurisdictional rule, *see Klayman v. Judicial Watch, Inc.*, 185 F. Supp. 3d 67, 71 (D.D.C. 2016); *Sae Young Kim v. Nat'l Certification Comm'n for Acupuncture*, 888 F. Supp. 2d 78, 82 (D.D.C. 2012); *Taghioskoui v. George Washington Univ.*, No. CIV. 12-1740 RJL, 2013 U.S. Dist. LEXIS 76146, at *1–2 (D.D.C. May 28, 2013). Moreover, the Supreme Court cases cited by plaintiff did not address the applicability of the forum-defendant rule to "snap removals" but instead simply restated the forum-defendant rule, Pl.'s Mem. at 9 (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)), and even presented an example of pre-service removal, *id.* (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005) ("In the instant case, Virginia plaintiffs . . . joined and served no Virginian as a party defendant. Hence the action qualified for the removal defendants effected.")). Plaintiff's precedential support provides ample support for the importance of the forum-defendant rule generally but fails to fill the logical gap between the statutory text and plaintiff's position that pre-service removal is impermissible. In sum, plaintiff's counterarguments are no match for the clarity of the statutory text.

### B.     Removal May Occur Before Any Defendant is Served with Process

Generally, federal courts have held that formal service is not required prior to removal, *see, e.g., Middlebrooks v. Godwin Corp.*, 279 F.R.D. 8, 11 (D.D.C. 2011), and the removal statute itself supports this conclusion, *see* 28 U.S.C. § 1448 (providing for service after removal if "any one or more of the defendants has not [yet] been served with process or …the service has not been perfected prior to removal").[7]  Plaintiff nevertheless contends the forum-defendant rule, in § 1441(b)(2), requires service of at least one defendant prior to removal.

As support for this position, plaintiff reasons that "the use of the word 'any' in 'any parties in interest properly joined and served' necessarily meant 'that the statute assumes at least one party has been served" since "ignoring that assumption would render a court's analysis under the exception nonsensical and that statute's use of 'any' superfluous.'"  Pl.'s Mem. at 32 (quoting *Carrington Mortg. Servs. v. Ticor Title of Nev.*, Case No. 2:20-CV-699 JCM (NJK), 2020 U.S. Dist. LEXIS 122792, at *6 (D. Nev. 2020) (quoting *Gentile v. BioGen IDEC, Inc.*, 934 F. Supp. 2d 313, 318 (D. Mass. 2013))).  A handful of district courts outside this circuit have adopted this interpretation of the statute.  *See, e.g.*, *Wells Fargo Bank v. Fid. Nat'l Title Grp.*, No. 2:20-cv-01849-APG-NJK, 2020 U.S. Dist. 235986, at *6–8 (D. Nev. Dec. 15, 2020); *Bowman v. PHH Mortg. Corp.*, 423 F. Supp. 3d 1286, 1289–90 (N.D. Ala. 2019).

This reading of § 1441(b)(2) is, in this Court's view, strained and places a burden on the word "any" that is unsupportable.  The word "any," defined as either a singular or plural reference to "an unspecified member of a particular class," *Any*, OXFORD ENGLISH DICTIONARY

---

[7]     Contrary to the weight of authority and the statutory text, plaintiff cites to language in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint . . . after and apart from service of the summons," *id.* at 347–48, as reading the removal statute to require service on at least one defendant prior to removal, Pl.'s Mem. at 35.  This is a patently incorrect reading of *Murphy*, which addresses a "defendant's time period to remove a case from state court," not the propriety of pre-service removal.  *See Middlebrooks*, 279 F.R.D. at 12.

11

ONLINE (3d ed. 2016), most naturally reads, in the context of § 1441(b)(2), as "allowing any unserved defendant—even a defendant that stands alone—to remove a case where jurisdictional requirements are met and before any other defendant is properly joined *and* served." *W. Bend Mut. Ins. Co. v. MSPPR, LLC*, No. 20-cv-03308, 2021 U.S. Dist. LEXIS 24545, *9–10 (N.D. Ill. Feb. 9, 2021) (alteration in original) (citing *CropLife Am., Inc. v. City of Madison*, 432 F.3d 732, 735 (7th Cir. 2005)).

Plaintiff's interpretation of this statutory provision is animated by the view that any reading of the statutory language that permits "snap removals" renders the text "nonsensical" or "superfluous." Pl.'s Mem. at 32 (quoting *Carrington*, 2020 U.S. Dist. LEXIS 122792 at *6). Again, however, this is a policy disagreement with the results of plain text application of the statute, rather than a dispute over what that plain text says. Congress has recently considered remedial steps to address snap removals and that is where the solution to this policy disagreement lies, not with this Court. *See generally* Removal Jurisdiction Clarification Act of 2020, H.R. 5801, 115th Cong. (2020); *Examining the Use of "Snap" Removals to Circumvent the Forum Defendant Rule: Hearing Before the Subcomm. On Courts, Intellectual Property, and the Internet of the H. Comm. on the Judiciary*, 116th Cong. (2019); CRS Report at 4.

### IV.     ORDER

For the foregoing reasons, plaintiff has not established any procedural defect in removal of this case to this Court that would warrant remand under 28 U.S.C. § 1447(c).

Accordingly, it is hereby

**ORDERED** that plaintiff's Motion to Remand is **DENIED**; and it is further

**ORDERED** that, within ten days of issuance of this Order, plaintiff either seek authorization to proceed under the pseudonym "John Doe" and to keep the plaintiff's full name

and address, which shall be submitted to the Court, under seal, or re-file the Complaint in this action in compliance with applicable federal procedural rules. *See* FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).

**SO ORDERED.**

Date:  February 25, 2021

_____
BERYL A. HOWELL
Chief Judge