**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**VAUGHN FEIGHAN,**

**Plaintiff,**

**v.**

**RESOURCE SYSTEMS GROUP, INC.
t/a DAVERSA PARTNERS,** *et al.*,

**Defendants.**

**Civil Action No. 20-cv-3759 (BAH)**

**ANSWER OF DEFENDANT RESOURCE SYSTEMS GROUP, INC. t/a DAVERSA
PARTNERS TO CORRECTED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Resource Systems Group, Inc. t/a Daversa Partners[1] ("Daversa"), though its undersigned counsel, hereby Answers the Corrected Complaint (the "Complaint") filed by Plaintiff Vaughn Feighan ("Plaintiff") and states as follows:

Daversa generally denies liability on all claims and all counts.  Each paragraph below responds to the numbered and unnumbered paragraphs in the Complaint.  Any allegation not explicitly admitted below is hereby denied.

In response to the unnumbered section of the Complaint labeled "SUMMARY" that appears on pages 2-4 of the Complaint, Daversa admits that Daversa employed Plaintiff in its Washington, D.C. office, that Plaintiff reported to Defendant Bruce Brown ("Brown"), and that Plaintiff voluntarily resigned from Daversa after a year of employment to accept other employment.  Daversa is without knowledge or information sufficient to form a belief as to the

---

[1] The Complaint names "Daversa Partners" and "Resource Systems Group Inc. t/a Daversa Partners" as two separate Defendants.  Daversa Partners is not a legal entity but rather is a trade name used by Defendant Resource Systems Group Inc.  To the extent that Daversa Partners and Resource Systems Group Inc. t/a Daversa Partners are properly named as separate Defendants, this Answer is filed on behalf of both such Defendants.

truth or falsity of the allegations that Brown engaged in any inappropriate conduct of a sexual nature or any other inappropriate conduct toward Plaintiff or that Plaintiff suffered injuries as a result thereof, but to the extent that Brown engaged in any such conduct, such conduct was outside the scope of Brown's employment with Daversa, and Daversa had no knowledge of it.  Daversa denies the allegations that Plaintiff complained about Brown's workplace harassment, that Daversa failed to protect Plaintiff, and that Daversa had no system in place to address and remedy Plaintiff's concerns.  Daversa further denies the remaining allegations in the unnumbered section of the Complaint labeled "SUMMARY."

In further response, Daversa states that it prohibits discrimination and harassment in the workplace, that it has implemented a robust written policy, which was provided to Plaintiff, stating its commitment to this prohibition and setting forth a detailed complaint procedure whereby employees are directed to report any discrimination or harassment in the workplace to any member of management, that the policy further prohibits retaliation against employees for reporting a violation of or making a complaint under the policy or assisting in an investigation of such a complaint, that Daversa conducted employee training on workplace harassment and its policy and complaint procedure, which Plaintiff and Brown attended, and that Plaintiff unreasonably failed to utilize that policy and complaint procedure and failed to report any allegations of harassment to any member of Daversa management at any time during his employment.

**NATURE OF ACTION**

1.      In response to the allegations in Paragraph 1 of the Complaint, Daversa admits that this is a civil action that purports to assert claims against Daversa, Plaintiff's former employer, and against Brown, arising out of allegations of discrimination and harassment on the basis of Plaintiff's sexual orientation in the course of Plaintiff's employment, and claims for failure to pay

Plaintiff overtime pay and sales commissions under the District of Columbia Wage Payment and Collection Law (the "DCWPCL").  Daversa denies any and all liability for those asserted claims and denies all remaining allegations in Paragraph 1 of the Complaint.

2.      In response to the allegations in Paragraph 2 of the Complaint, Daversa admits that this action also purports to assert claims for negligent supervision of an employee, gross negligence, assault and battery, and intentional infliction of emotional distress.  Daversa denies any and all liability for those asserted claims and denies all of the remaining allegations in Paragraph 2 of the Complaint.

3.      In response to the allegations in Paragraph 3 of the Complaint, Daversa admits that this action purports to assert claims under the District of Columbia Human Rights Act (the "DCHRA"), the DCWPCL and the common law of the District of Columbia.  Daversa denies any and all liability for those asserted claims and denies all of the remaining allegations in Paragraph 3 of the Complaint.

## PARTIES

4.      Daversa admits the allegations in the first sentence in Paragraph 4 of the Complaint. In response to the allegations in the second sentence in Paragraph 4, Daversa admits that it employed Plaintiff at its office in its Washington, D.C. office.  Daversa denies the remaining allegations in the second sentence in Paragraph 4.

5.      In response to the allegations in Paragraph 5 of the Complaint, Daversa admits that it is engaged in the business of recruiting executive and management-level employees for companies in the technology industry and that it has provided services to and has partnered with the companies identified in Paragraph 5.  Daversa denies the remaining allegations in Paragraph 5 as alleged.

3

6.      In response to the allegations in Paragraph 6 of the Complaint, Daversa admits that it employed Plaintiff in its Washington, D.C. office, that it paid Plaintiff for his employment services, that its corporate name, Resource Systems Group, Inc., appeared on Plaintiff's pay stubs and his W-2 tax form, and that "Daversa Partners" is a trade name that is owned and used by Daversa.  Daversa denies all remaining allegations in Paragraph 6 of the Complaint.

7.      In response to the allegations in Paragraph 7 of the Complaint, Daversa admits that it is a corporation organized under the laws of Connecticut, that it is registered to do business in the District of Columbia, and that it has a resident agent for service of process in the District of Columbia.  Daversa denies the remaining allegations in Paragraph 7 as alleged.

8.      Paragraph 8 of the Complaint does not contain any allegations of fact that require an answer.

9.      In response to the allegations in Paragraph 9 of the Complaint, Daversa admits that Brown is a resident and citizen of the District of Columbia and that he was the Managing Partner of Daversa's Washington, D.C. office and worked in that office.  Daversa denies the remaining allegations in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.      Paragraph 10 of the Complaint is a conclusion of law or mixed conclusion of fact and law that does not require an answer.

11.      Paragraph 11 of the Complaint is a conclusion of law or mixed conclusion of law and fact that does not require an answer.

12.      Paragraph 12 of the Complaint is a conclusion of law or a conclusion of mixed law and fact to which no answer is required.

13.     Paragraph 13 of the Complaint is a conclusion of law or a conclusion of mixed law and fact to which no answer is required.

14.     In response to the allegations in Paragraph 14 of the Complaint, Daversa admits that it has an office in and conducts business in the District of Columbia.  The remainder of Paragraph 14 is a conclusion of law or a conclusion of mixed law and fact to which no answer is required.

15.     Paragraph 15 of the Complaint is a conclusion of law or a conclusion of mixed law and fact to which no answer is required.

16.     Daversa denies the allegations in Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint is a conclusion of law or a conclusion of mixed law and fact to which no answer is required.

## **BACKGROUND**

18.     In response to the allegations in Paragraph 18 of the Complaint, Daversa admits that Plaintiff began interviewing for a position with Daversa in or about September 2018 when he purported to be an undergraduate student at Boston College, and that Jonathan Krodel, a Daversa employee who had responsibility for hiring, spoke with Plaintiff during the interview process. Daversa denies the remaining allegations in Paragraph 18 as alleged.

19.     In response to the allegations in the first sentence in Paragraph 19 of the Complaint, Daversa admits that its hiring discussions with Plaintiff continued in or about April 2019.  Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence in Paragraph 19.  In response to the allegations in the second sentence in Paragraph 19, Daversa admits that Plaintiff's uncle had been employed by

Daversa.  Daversa denies the remaining allegations in the second sentence in Paragraph 19 as alleged.

20.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Complaint.

21.     In response to the allegations in the first and second sentences in Paragraph 21 of the Complaint, Daversa admits that Plaintiff accepted an offer of employment with Daversa in or about April 2019, that he claimed to have graduated from Boston College in May 2019, that he began employment with Daversa as a Consultant in Daversa's Washington, D.C. office on or about July 8, 2019, and that he reported to Brown.  Daversa denies the remaining allegations in Paragraph 21.

22.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Complaint.

23.      In response to the allegations in Paragraph 23 of the Complaint, Daversa admits that Plaintiff generally met and sometimes exceeded Daversa's performance expectations and that Brown and Paul Daversa, Daversa's CEO, sometimes discussed Plaintiff's performance in certain emails.  Daversa denies the remaining allegations in Paragraph 23.

24.     Daversa denies the allegations in Paragraph 24 of the Complaint.

25.     Daversa denies the allegations in Paragraph 25 of the Complaint.

26.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Complaint.

27.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Complaint.

28.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the Complaint.

29.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the Complaint.

30.     In response to the allegations in the first sentence in Paragraph 30 of the Complaint, Daversa admits that Plaintiff had business travel with Brown on a few occasions.  Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in second through sixth sentences in Paragraph 30.

31.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the Complaint.

32.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Complaint.

33.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Complaint.

34.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Complaint.

35.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the Complaint.

36.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Complaint.

37.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the Complaint.

38.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Complaint.

39.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 of the Complaint.

40.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 of the Complaint.

41.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 of the Complaint.

42.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 of the Complaint.

43.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the Complaint.

44.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 of the Complaint.

45.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45 of the Complaint.

46.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 of the Complaint.

47.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 of the Complaint.

48.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 of the Complaint.

49.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 of the Complaint.

50.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 of the Complaint.

51.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 of the Complaint.

52.     In response to the allegations in Paragraph 52 of the Complaint, Daversa admits that on December 12, 2019, certain employees from Daversa's Washington, D.C. office traveled to attend a holiday party held that evening in Connecticut.  Daversa denies the remaining allegations in Paragraph 52 as alleged.

53.     In response to the allegations in Paragraph 53 of the Complaint, Daversa admits that Daversa paid for certain spa services at the Ritz Carlton Hotel for employees in Daversa's Washington, D.C. office.  Daversa denies the remaining allegations in Paragraph 53 as alleged.

54.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54 of the Complaint.

55.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 of the Complaint.

56.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 of the Complaint.

57.     In response to the allegations in the first sentence in Paragraph 57 of the Complaint, Daversa admits that in February 2020, Daversa paid in part for Plaintiff and other employees in Daversa's Washington, D.C. office to travel to Jamaica.  Daversa denies the remaining allegations in the first sentence in Paragraph 57 as alleged.  Daversa is without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations in the second sentence in Paragraph 57.

58.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58 of the Complaint.

59.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 of the Complaint.

60.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60 of the Complaint.

61.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Complaint.

62.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 of the Complaint.

63.     Daversa denies the allegations in the first sentence in Paragraph 63 of the Complaint.  Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence in Paragraph 63.

64.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 of the Complaint.

65.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65 of the Complaint.

66.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 of the Complaint.

67.     In response to the allegations in Paragraph 67 of the Complaint, including its numerous bullet points, Daversa admits that employees of the same gender who travel together

sometimes share a hotel room as a cost-saving measure for the company.  Daversa denies that Paul Daversa engaged in any of the acts alleged in Paragraph 67.  Daversa further denies that it is bound to refrain from solicitations as alleged in Paragraph 67.  Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 67.

68.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 of the Complaint.

69.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69 of the Complaint.

70.     In response to the allegations in Paragraph 70 of the Complaint, Daversa admits that it conducted mandatory sexual harassment training for employees in the fall of 2019, which Plaintiff and Brown attended.  Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 70.

71.     Daversa denies the allegations in Paragraph 71 of the Complaint.

72.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72 of the Complaint.

73.     In response to the allegations in Paragraph 73 of the Complaint, Daversa admits that on or about December 30, 2020, Plaintiff verbally informed Brown that he was voluntarily resigning from Daversa to pursue another employment opportunity and that he was giving a few weeks' notice of his resignation.  Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 73, including all allegations regarding Plaintiff's thought processes, feelings and mental state.

74.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74 of the Complaint.

75.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75 of the Complaint.

76.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 of the Complaint.

77.     In response to the allegations in the first sentence in Paragraph 77 of the Complaint, Daversa admits that on July 6, 2020, Plaintiff sent an email to Tracey Allen, Daversa's Controller, copying Jonathan Krodel, which confirmed his voluntary resignation.  Daversa denies the remaining allegations in the first sentence in Paragraph 77 as alleged.  Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence in Paragraph 77.

78.     Daversa denies the allegations in Paragraph 78 of the Complaint.  In further response, Daversa did not terminate Plaintiff's employment.  Rather, Plaintiff voluntarily resigned, and Daversa elected to not accept the full period of his advance notice of resignation.

79.     Daversa admits the allegations in the first sentence in Paragraph 79 of the Complaint.  Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence in Paragraph 79.

80.     Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence in Paragraph 80 of the Complaint.  In response to the allegations in the second sentence in Paragraph 80, Daversa admits that after Plaintiff resigned, he sent an email to several of his co-workers, informing them of his resignation.  Daversa denies the remaining allegations in the second sentence in Paragraph 80 as alleged.

81.     In response to the allegations in Paragraph 81 of the Complaint, Daversa admits that in Plaintiff's email to his co-workers following his resignation, Plaintiff stated that low compensation and lack of upward mobility were the reasons that he was resigning from Daversa. Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 81.

82.     In response to the allegations in Paragraph 82 of the Complaint, Daversa denies that Plaintiff was terminated.  Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 82.

83.     In response to the allegations in Paragraph 83 of the Complaint, Daversa denies that Plaintiff was terminated.  Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 83.

84.     In response to the allegations in Paragraph 84 of the Complaint, Daversa admits that it did not conduct an exit interview of Plaintiff.  Daversa denies the remaining allegations in Paragraph 84.

85.     Daversa denies the allegations in Paragraph 85 of the Complaint.

86.     In response to the allegations in the first sentence in Paragraph 86 of the Complaint, Daversa admits that Plaintiff was not paid commissions on any of the accounts he worked on, since he was not entitled to receive any commissions pursuant to any governing Daversa policy or plan. Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence in Paragraph 86.

87.     Daversa denies the allegations in Paragraph 87 of the Complaint.

88.     Daversa denies the allegations in Paragraph 88 of the Complaint.

89.     Daversa denies the allegations in Paragraph 89 of the Complaint.

90.     Daversa denies the allegations in Paragraph 90 of the Complaint.

91.     Daversa denies the allegations in Paragraph 91 of the Complaint.

92.     Daversa denies the allegations in the first sentence in Paragraph 92 of the Complaint.  Defendant admits the allegations in the second sentence in Paragraph 92, except that the quoted language "or a working relationship" in the email actually reads "for a working relationship."  In further response, the email referenced in the second sentence in Paragraph 92 did not refer to any conduct of a sexual nature by Brown.  Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the third sentence in Paragraph 92.

**COUNT ONE –**
**DISCRIMINATION AND HARASSMENT IN THE COURSE OF EMPLOYMENT**
**IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT**
**(against Daversa Partners and Resource Systems Group Inc. t/a Daversa Partners)**

93.     Daversa incorporates by reference all of its admissions, denials and other responses to the allegations in the Complaint.

94.     Paragraph 94 of the Complaint is a conclusion of law or mixed conclusion of law and fact that does not require an answer.

95.     Paragraph 95 of the Complaint is a conclusion of law or mixed conclusion of law and fact that does not require an answer.

96.     Daversa denies the allegations in Paragraph 96 of the Complaint.

97.     Daversa denies the allegations in Paragraph 97 of the Complaint.

98.     Daversa denies the allegations in Paragraph 98 of the Complaint.

99.     Daversa denies the allegations in Paragraph 99 of the Complaint.

100.    Daversa denies the allegations in Paragraph 100 of the Complaint.

101.    Daversa denies the allegations in Paragraph 101 of the Complaint.

102.    Daversa denies the allegations in Paragraph 102 of the Complaint.

103.    Daversa denies the allegations in Paragraph 103 of the Complaint.

104.    Daversa denies the allegations in Paragraph 104 of the Complaint.

105.    Daversa denies the allegations in Paragraph 105 of the Complaint.

**COUNT TWO –
AIDING AND ABETTING DISCRIMINATION AND HARASSMENT
IN THE COURSE OF EMPLOYMENT IN VIOLATION
OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT
(against Bruce Brown)**

106 - 115.  No response is necessary to the allegations in Paragraphs 106 to 115 of the
Complaint because Count Two of the Complaint does not assert any claims against Daversa.
Rather, Count Two asserts claims only against Defendant Brown.

**COUNT THREE –
ASSAULT AND BATTERY
(against Bruce Brown)**

116 - 123.  No response is necessary to the allegations in Paragraphs 116 to 123 of the
Complaint because Count Three of the Complaint does not assert any claims against Daversa.
Rather, Count Three asserts claims only against Defendant Brown.

**COUNT FOUR –
ASSAULT AND BATTERY –
RESPONDEAT SUPERIOR LIABILITY
(against Daversa Partners and Resource Systems Group Inc. t/a Daversa Partners)**

124.    Daversa incorporates by reference all of its admissions, denials and other responses
to the allegations in the Complaint.

125.    In response to the allegations in Paragraph 125 of the Complaint, Daversa admits
that it was expected of Brown that he communicate with other Daversa employees, including
employees under his management authority, regarding certain work matters.  Daversa denies the
remaining allegations in Paragraph 125 as alleged.

126.   In response to the allegations in Paragraph 126 of the Complaint, Daversa admits that it was expected of Plaintiff that he communicate with other Daversa employees, including his managers, regarding certain work matters.  Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 126 as to what Plaintiff "rightfully believed."  Daversa denies the remaining allegations in Paragraph 126 as alleged.

127.   Daversa denies the allegations in Paragraph 127 of the Complaint.

128.   Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 128 of the Complaint.

129.   Daversa denies the allegations in Paragraph 129 of the Complaint.

130.   Daversa denies the allegations in Paragraph 130 of the Complaint.

131.   Daversa denies the allegations in Paragraph 131 of the Complaint.

132.   Daversa denies the allegations in Paragraph 132 of the Complaint.

133.   Daversa denies the allegations in Paragraph 133 of the Complaint.

134.   Daversa denies the allegations in Paragraph 134 of the Complaint.

135.   Daversa denies the allegations in Paragraph 135 of the Complaint.

**COUNT FIVE –**
**NEGLIGENT SUPERVISION AND RETENTION OF EMPLOYEE (BRUCE BROWN)**
**(against Daversa Partners and Resource Systems Group Inc. t/a Daversa Partners)**

136.   Daversa incorporates by reference all of its admissions, denials and other responses to the allegations in the Complaint.

137.   Paragraph 137 of the Complaint is a conclusion of law or mixed conclusion of fact and law that does not require an answer.

138.   Daversa denies the allegations in Paragraph 138 of the Complaint.

139.   Daversa denies the allegations in Paragraph 139 of the Complaint.

140.   Daversa denies the allegations in Paragraph 140 of the Complaint.

141.    Daversa denies the allegations in Paragraph 141 of the Complaint.

142.    Daversa denies the allegations in Paragraph 142 of the Complaint.

143.    Daversa denies the allegations in Paragraph 143 of the Complaint.

144.    Daversa denies the allegations in Paragraph 144 of the Complaint.

145.    Daversa denies the allegations in Paragraph 145 of the Complaint.

146.    Daversa denies the allegations in Paragraph 146 of the Complaint.

147.    Daversa denies the allegations in Paragraph 147 of the Complaint.

148.    Daversa denies the allegations in Paragraph 148 of the Complaint.

149.    Daversa denies the allegations in Paragraph 149 of the Complaint.

150.    Daversa denies the allegations in Paragraph 150 of the Complaint.

151.    Daversa denies the allegations in Paragraph 151 of the Complaint.

152.    Daversa denies the allegations in Paragraph 152 of the Complaint.

153.    Daversa denies the allegations in Paragraph 153 of the Complaint.

154.    Daversa denies the allegations in Paragraph 154 of the Complaint.

## COUNT SIX –
## NEGLIGENCE OR GROSS NEGLIGENCE
### (against Daversa Partners and Resource Systems Group Inc. t/a Daversa Partners)

155.    Daversa incorporates by reference all of its admissions, denials and other responses to the allegations in the Complaint.

156.    Paragraph 156 of the Complaint is a conclusion of law or mixed conclusion of fact and law that does not require an answer.

157.    Daversa denies the allegations in Paragraph 157 of the Complaint.

158.    Daversa denies the allegations in Paragraph 158 of the Complaint.

159.    Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 159 of the Complaint.

160.    Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 160 of the Complaint.

161.    Daversa denies the allegations in Paragraph 161 of the Complaint.

162.    Daversa denies the allegations in Paragraph 162 of the Complaint.

163.    Daversa denies the allegations in Paragraph 163 of the Complaint.

164.    Daversa denies the allegations in Paragraph 164 of the Complaint.

165.    Daversa denies the allegations in Paragraph 165 of the Complaint.

166.    Daversa denies the allegations in Paragraph 166 of the Complaint.

167.    Daversa denies the allegations in Paragraph 167 of the Complaint.

## COUNT SEVEN –
## VIOLATION OF THE D.C. WAGE PAYMENT AND WAGE COLLECTION ACT
## (D.C. CODE § 32-1301, et seq.)
(against Daversa Partners and Resource Systems Group Inc. t/a Daversa Partners)

168.    Daversa incorporates by reference all of its admissions, denials and other responses to the allegations in the Complaint.

169.    Daversa denies the allegations in Paragraph 169 of the Complaint.

170.    Daversa denies the allegations in Paragraph 170 of the Complaint.

171.    Daversa denies the allegations in Paragraph 171 of the Complaint.

## COUNT EIGHT –
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (against All Defendants)

172.    Daversa incorporates by reference all of its admissions, denials and other responses to the allegations in the Complaint.

173.    Daversa denies the allegations in Paragraph 173 of the Complaint.

174.    Daversa denies the allegations in Paragraph 174 of the Complaint.

175.    Daversa denies the allegations in Paragraph 175 of the Complaint.

18

176.    Daversa denies the allegations in Paragraph 176 of the Complaint.

177.    Daversa denies the allegations in Paragraph 177 of the Complaint.

178.    Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 178 of the Complaint.  In further response, to the extent that Plaintiff has suffered any of the conditions or engaged in any of the actions alleged in Paragraph 178, they are not attributed to any actions or inactions of Daversa.

179.    Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 179 of the Complaint.  In further response, to the extent that Plaintiff has suffered any of the conditions alleged in Paragraph 179, they are not attributed to any actions or inactions of Daversa.

180.    Daversa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 180 of the Complaint.  In further response, to the extent that Plaintiff engaged in any of the actions alleged in Paragraph 180, they are not attributed to any actions or inactions of Daversa.

181.    Daversa denies the allegations in Paragraph 181 of the Complaint.

182.    Daversa denies the allegations in Paragraph 182 of the Complaint.

183.    Daversa denies the allegations in Paragraph 183 of the Complaint.

184.    Daversa denies the allegations in Paragraph 184 of the Complaint.

185.    Daversa denies the allegations in Paragraph 185 of the Complaint.

186.    Daversa denies the allegations in Paragraph 186 of the Complaint.

187.    Daversa denies the allegations in Paragraph 187 of the Complaint.

## PRAYER FOR RELIEF

Daversa denies that Plaintiff is entitled to any form of relief stated in that paragraph, or to any relief whatsoever.

## JURY DEMAND

The unnumbered paragraph in the Complaint under the heading "JURY DEMAND," which appears immediately following the unnumbered paragraph under the heading "PRAYER FOR RELIEF," contains no averments of fact that Daversa must admit or deny. Nevertheless, Daversa objects to Plaintiff's demand for a jury trial with respect to any claim, issue or element of relief as to which Plaintiff is not entitled to a jury trial as a matter of right.

## AFFIRMATIVE DEFENSES

1.      Daversa cannot be held liable for the claims of harassment under the DCHRA because Daversa exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Daversa or to avoid harm otherwise. Daversa implemented a written policy, provided to Plaintiff, that prohibits discrimination and harassment in the workplace and contains a detailed complaint procedure for the reporting of violations, and that further prohibits retaliation against employees for reporting a violation of or making a complaint under the policy or assisting in an investigation of such a complaint. Daversa conducted employee training on the policy and complaint procedure, which Plaintiff and Brown attended. Despite that, Plaintiff unreasonably failed to report allegations of discrimination or harassment to any member of Daversa management at any time during his employment.

2.      The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff has failed to exercise reasonable care and diligence to mitigate his damages and/or back-

pay losses, if any.  In addition, the damages and/or back-pay losses, if any, should be reduced by any and all of Plaintiff's interim earnings.

3.      Plaintiff's claim for overtime pay is barred under the DCWPCL because Plaintiff was exempt from the minimum wage and overtime requirements of the District of Columbia Minimum Wage Revision Act pursuant to the administrative exemption.  Plaintiff received a fixed annual salary of $55,000, his primary duty was the performance of office or non-manual work directly related to the management or general business operations of Daversa's clients, and his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

4.      Plaintiff's claims in Counts Four, Five, Six and Eight of the Complaint are barred because workers' compensation benefits provide the exclusive remedy against Daversa for injuries allegedly suffered in the workplace or caused by a fellow employee.

5.      Plaintiff's claims in Counts Five and Six of the Complaint are barred because Plaintiff was contributorily negligent.

6.      Plaintiff's claims in Counts Five and Six of the Complaint are barred because Plaintiff assumed the risk related to his alleged injuries.

7.      Plaintiff's claims under the DCHRA are barred to the extent that Plaintiff failed to file a lawsuit within one year of any alleged discriminatory act(s), as required by Section 2-1403.16 of the DCHRA.

8.      Plaintiff's claims are barred by the doctrine of estoppel because he stated to Daversa that he was resigning his employment to accept employment elsewhere and failed to inform Daversa of the alleged harassment, which would have provided Daversa an opportunity to

investigate the allegations and take appropriate remedial action, and Daversa relied upon Plaintiff's stated reason for resigning.

Daversa will rely on each and every additional defense that may become known to it through the course of litigation, including discovery, trial or otherwise.

Daversa denies that Plaintiff is entitled to any of the relief prayed for, or to any relief whatsoever.

Daversa denies each and every allegation in the Complaint that is not specifically admitted herein.

Daversa reserves the right to amend this Answer to assert different or additional defenses or to amend any of its admissions, denials or other responses.

WHEREFORE, having fully responded to the Complaint, Daversa respectfully requests that the Court dismiss Plaintiff's claims with prejudice, award Daversa its costs and reasonable attorneys' fees incurred in this lawsuit, and allow Daversa such other and further relief as the Court deems just and proper.

Dated: March 19, 2021                    Respectfully submitted,

/s/ *Stephen M. Silvestri*
Stephen M. Silvestri (Bar No. MD0026)
Charles J. Kresslein (Bar No. 453509)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
Phone: (410) 415-2000
Fax: (410) 415-2001
stephen.silvestri@jacksonlewis.com
charles.kresslein@jacksonlewis.com

*Counsel for Defendant Resource Systems Group*
  *Inc. t/a Daversa Partners*

22

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of March, 2021, I filed the foregoing Answer of Defendant Resource Systems Group, Inc. t/a Daversa Partners to Corrected Complaint and Affirmative Defenses using the CM/ECF system, which will electronically serve all counsel of record who have entered an appearance in this case.

/s/ *Stephen M. Silvestri*
Stephen M. Silvestri (Bar No. MD0026)
Charles J. Kresslein (Bar No. 453509)