**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VAUGHN FEIGHAN, <br><br>          Plaintiff, <br><br>      - vs - <br><br> DAVERSA PARTNERS, *et al.*, <br><br>          Defendants. | Civil Action No.: <br> 1:20-cv-03759-BAH |

**Bruce Brown's answer and affirmative defenses**
**to the corrected complaint filed by Vaughn Feighan**

Bruce Brown, by his counsel, files this answer in response to the corrected complaint filed by Vaughn Feighan (ECF No. 10), and states as follows:

1.　　In response to the statement in paragraph 1 of the complaint, Brown states that the complaint speaks for itself and denies any allegation to the contrary.

2.　　In response to the statement in paragraph 2 of the complaint, Brown states that the complaint speaks for itself and denies any allegation to the contrary.

3.　　In response to the statement in paragraph 3 of the complaint, Brown states that the complaint speaks for itself and denies any allegation to the contrary.

4.　　Brown denies that he ever employed Feighan. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the complaint.

5.　　Brown admits the allegations in paragraph 5 of the complaint.

6.　　Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint.

7.      Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint.

8.      In response to the statement in paragraph 8 of the complaint, Brown states that the complaint speaks for itself and denies any allegation to the contrary.

9.      Brown admits that he is a resident and citizen of the District of Columbia and that he was the managing partner for the Daversa DC office. Brown denies the remaining allegations in paragraph 9 of the complaint.

10.     The statement in paragraph 10 is a legal conclusion to which no response is required.

11.     The statement in paragraph 11 is a legal conclusion to which no response is required.

12.     The statement in paragraph 12 is a legal conclusion to which no response is required.

13.     The statement in paragraph 13 is a legal conclusion to which no response is required.

14.     The statement in paragraph 14 is a legal conclusion to which no response is required.

15.     The statement in paragraph 15 is a legal conclusion to which no response is required.

16.     Brown denies that he committed any of the tortious acts alleged in the complaint.

17.     The statement in paragraph 17 is a legal conclusion to which no response is required.

18.     Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint.

19.     Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 19 of the complaint. As to the second sentence of paragraph 19 of the complaint, Brown admits that Feighan's uncle had previously worked at Daversa. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the complaint.

20.     Brown denies the allegations in paragraph 20 of the complaint.

21.     Brown admits that Feighan began working as a consultant in the Daversa DC office in July 2019. Brown admits that, after Feighan complained about having to report to Reece Brault, Brown changed the reporting structure so that Feighan began reporting directly to Brown. Brown denies the remaining allegations in paragraph 21 of the complaint.

22.     Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the complaint.

23.     Brown admits that Feighan was a good employee during his first year of employment at Daversa and that Brown provided feedback to Feighan that recognized his performance. Brown denies the remaining allegations in paragraph 23 of the complaint.

24.     Brown denies the allegations in paragraph 24 of the complaint.

25.     Brown denies the allegations in paragraph 25 of the complaint.

26.     Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of paragraph 26 of the complaint. Brown admits that Northside Tavern is a bar in Washington DC. Brown denies the remaining allegations in paragraph 26 of the complaint.

27.     Brown admits that, on or about October 18, 2019, he invited Feighan to share a car ride so that Feighan could hear how Brown handled a pitch call with a potential client, and that Feighan, in fact, agreed to do so. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the complaint.

28.     Brown denies the allegations in paragraph 28 of the complaint.

29.     Brown admits that, in August 2019, he met with Feighan to discuss Feighan's vision board assignment and goals. Brown denies the remaining allegations in paragraph 29 of the complaint.

30.     Brown denies that Feighan was required to travel with Brown. Brown admits that Feighan and Brown traveled to the West Coast in September 2019 for business and that, at dinner, another guest sent over two glasses of alcohol. Brown denies the remaining allegations in paragraph 30 of the complaint.

31.     Brown denies the allegations in paragraph 31 of the complaint.

32.     Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the complaint.

33.     Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of paragraph 33 of the complaint. Brown denies the remaining allegations in paragraph 33 of the complaint.

34.     Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the complaint.

35.     Brown admits that, on or about November 14, 2019, he invited Feighan to dinner at Centrolina for the purpose of providing feedback. Brown admits that he had previously

emphasized to Feighan and other consultants the need to devote the necessary hours to their work. Brown denies the remaining allegations in paragraph 35 of the complaint.

36.     Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the complaint.

37.     Brown admits that, on or about November 14, 2019, he invited Feighan to dinner at Centrolina for the purpose of providing feedback. Brown denies the remaining allegations in paragraph 37 of the complaint.

38.     Brown denies the allegations in paragraph 38 of the complaint.

39.     Brown denies that he strongly pressured Feighan throughout the evening to drink alcohol. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of the complaint.

40.     Brown denies that he was heavily intoxicated when he and Feighan left Centrolina. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 of the complaint.

41.     Brown admits that he offered Feighan a ride back to his apartment after the dinner at Centrolina. Brown denies the remaining allegations in paragraph 41 of the complaint.

42.     Brown denies the allegations in paragraph 42 of the complaint.

43.     Brown denies the allegations in paragraph 43 of the complaint.

44.     Brown denies the allegations in paragraph 44 of the complaint.

45.     Brown denies the allegations in paragraph 45 of the complaint.

46.     Brown denies the allegations in paragraph 46 of the complaint.

47.     Brown denies the allegations in paragraph 47 of the complaint.

48.     Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the complaint.

49.     Brown denies the allegations in paragraph 49 of the complaint.

50.     Brown denies the allegations in paragraph 50 of the complaint, including specifically that he assaulted Feighan in any way.

51.     Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the complaint.

52.     Brown admits the allegation in paragraph 52 of the complaint.

53.     Brown admits the allegations in paragraph 53 of the complaint.

54.     Brown denies the allegations in paragraph 54 of the complaint.

55.     Brown denies the allegations in paragraph 55 of the complaint.

56.     Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the complaint.

57.     Brown admits that, in February 2020, the Daversa DC office was treated to a weekend in Jamaica as a reward for their performance during the 2019 calendar year. Brown admits that, during the day, the group took a trip to a small sandbar island where several individuals drank and smoked marijuana. Brown denies the remaining allegations in paragraph 57 of the complaint.

58.     Brown denies the allegations in paragraph 58 of the complaint.

59.     Brown admits that the group reconvened before dinner for drinks at one of the two rented houses. Brown denies that most were inebriated. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59 of the complaint.

60.     Brown denies the allegations in paragraph 60 of the complaint.

61.     Brown denies the allegations in paragraph 61 of the complaint.

62.     Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the complaint.

63.     Brown denies the allegations in paragraph 63 of the complaint.

64.     Brown denies that he assaulted Feighan at any time. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 of the complaint.

65.     Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the complaint.

66.     Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the complaint.

67.     In response to the first bullet point in paragraph 67 of the complaint, Brown denies the allegations. In response to the second bullet point in paragraph  67 of the complaint, Brown admits that he sometimes sent videos to team members, but denies the remaining allegations. Brown denies the allegations in the third bullet point in paragraph 67 of the complaint. In response to the fourth bullet point in paragraph 67 of the complaint, Brown admits that he reminded Feighan to smile, look engaged, and appear professional while on video calls, but denies that the suggestion was of a sexual or inappropriate nature; Brown denies the remaining allegations. In response to the fifth bullet point in paragraph 67, Brown admits that, when Feighan worked with other Daversa partners or with employees in other Daversa offices, Brown sometimes reached out to Daversa partners to get feedback on Feighan's work; Brown denies the remaining allegations. Brown admits the allegation in the sixth bullet point in

paragraph 67 of the complaint. In response to the seventh bullet point in paragraph 67 of the complaint, Brown admits that he gave spot bonuses to employees in the Daversa DC office, including Feighan; Brown denies the remaining allegations. In response to the eighth bullet point in paragraph 67 of the complaint, Brown admits that a group of employees in the Daversa DC office participated in a group video workout; Brown denies the remaining allegations. Brown denies the allegations in the ninth bullet point in paragraph 67 of the complaint. In response to the tenth bullet point in paragraph 67 of the complaint, Brown admits that he suggested Feighan and Ms. Kuderka speak together; Brown denies the remaining allegations. In response to the eleventh bullet point in paragraph 67 of the complaint, Brown admits that he recommended Feighan look at all options of recruiting, that Daversa often has a non-solicitation clause after placements, and that Daversa has a strong relationship with Collibra; Brown denies the remaining allegations. In response to the twelfth bullet point in paragraph 67 of the complaint, Brown admits that he took Feighan and two other consultants to lunch at a ramen restaurant; Brown denies the remaining allegations. In response to the thirteenth bullet point in paragraph 67 of the complaint, Brown admits that he joked that Feighan should not slack off at work because he could be seen on the office's security cameras; Brown denies the remaining allegations. In response to the fourteenth bullet point in paragraph 67 of the complaint, Brown denies the allegations. In response to the fifteenth bullet point in paragraph 67 of the complaint, Brown admits that he purchased tickets for a concert as a reward for Feighan, that they attended the concert, and that they exchanged gifts. Brown lacks knowledge or information sufficient to form a belief as to the truth of the inscription and signature on the book; Brown denies the remaining allegations. In response to the sixteenth bullet point in paragraph 67, Brown admits that he sometimes referred to other employees as a "head case"; Brown denies the remaining allegations.

In response to the seventeenth bullet point in paragraph 67, Brown denies the allegations. In response to the eighteenth bullet point in paragraph 67, Brown admits that he sometimes called employees on nights, weekends, and holidays. Brown lacks knowledge or information sufficient to form a belief as to the truth of any communications between Feighan, Ms. Elam, and Ms. Kuderka; Brown denies the remaining allegations. In response to the nineteenth bullet point in paragraph 67, Brown states that he used a partner's name to get a hotel room in San Francisco; Brown denies the remaining allegations. In response to the twentieth bullet point in paragraph 67, Brown admits that, while Feighan was on a phone call while in the presence of his father, Brown mentioned to Feighan's father that Feighan was doing a good job; Brown denies the remaining allegations. In response to the twenty-first bullet point in paragraph 67, Brown admits that Daversa employees sometimes switched seats at meetings, lunches, and dinners in order to be able to converse with other employees; Brown denies the remaining allegations. In response to the twenty-second bullet point in paragraph 67, Brown admits that he called Feighan various names and that Feighan called Brown various names; Brown denies the remaining allegations. In response to the twenty-third bullet point in paragraph 67, Brown admits that he was in a hot tub while at a partner retreat in Jackson Hole; Brown denies the remaining allegations. In response to the twenty-fourth bullet point in paragraph 67, Brown denies the allegations. In response to the twenty-fifth bullet point in paragraph 67, Brown admits the allegations.

68.     Brown denies the allegations in paragraph 68 of the complaint.

69.     Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the complaint.

70.     Brown admits that he and other employees attended a sexual harassment training in the fall of 2019. Brown denies the remaining allegations in paragraph 70 of the complaint.

71.     Brown denies the allegations in paragraph 71 of the complaint.

72.     Brown denies the allegations in paragraph 72 of the complaint.

73.     Brown admits that, in late June 2020, Feighan voluntarily resigned from Daversa. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73 of the complaint.

74.     Brown denies the allegations in paragraph 74 of the complaint.

75.     Brown admits that, in late June 2020, Feighan voluntarily resigned from Daversa. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 75 of the complaint.

76.     Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the complaint.

77.     Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the complaint.

78.     Brown admits that, because Daversa believed that Feighan was making inappropriate comments about his time at Daversa, Daversa elected to not accept the full period of his advance notice of resignation. Brown admits that he provided Feighan with the reason for this decision. Brown denies the remaining allegations in paragraph 78 of the complaint, including that Daversa terminated Feighan's employment.

79.     Brown admits that, when he first learned about Feighan's voluntary resignation, he offered to match Feighan's base salary. Brown admits that, when Daversa then came to believe that Feighan was making inappropriate comments about his time at Daversa, Daversa elected to not accept the full period of his advance notice of resignation. Brown admits that he

provided Feighan with the reason for this decision. Brown denies the remaining allegations in paragraph 79 of the complaint, including that Daversa terminated Feighan's employment.

80.    Brown admits that, because Daversa believed that Feighan was making inappropriate comments about his time at Daversa, Daversa elected to not accept the full period of his advance notice of resignation. Brown admits that he provided Feighan with the reason for this decision. Brown denies the remaining allegations in paragraph 80 of the complaint, including that Daversa terminated Feighan's employment.

81.    Brown admits that Feighan told his colleagues that he was leaving because of a lack of compensation and upward mobility. Brown denies the remaining allegations in paragraph 81 of the complaint.

82.    Brown denies that Feighan was terminated. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82 of the complaint.

83.    Brown denies that Feighan was terminated. Brown admits that he inquired where Feighan was going to work next. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83 of the complaint.

84.    Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the complaint.

85.    Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the complaint.

86.    Brown denies that Feighan is entitled to a commission on any of "his Daversa deals." Brown admits that he encouraged Feighan and other consultants to keep their head down

and work hard, and that they would be rewarded. Brown denies the remaining allegations in paragraph 86 of the complaint.

87.     Brown states that the Daversa Partners Compensation Plan speaks for itself and denies any allegation to the contrary.

88.     Brown denies the allegation in paragraph 88 of the complaint.

89.     Brown denies the allegations in paragraph 89 of the complaint.

90.     Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the complaint.

91.     Brown admits that, at times, there has been high turnover at Daversa, including the DC office. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 91 of the complaint.

92.     In response to the first sentence of paragraph 92 of the complaint, Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations. In response to the second sentence of paragraph 92 of the complaint, Brown states the exit interview document speaks for itself and denies any allegation to the contrary. In response to the third sentence of paragraph 92 of the complaint, Brown denies the allegations.

**Count One**

93.     Count One is not asserted against Brown.

94.     Count One is not asserted against Brown.

95.     Count One is not asserted against Brown.

96.     Count One is not asserted against Brown.

97.     Count One is not asserted against Brown.

98.     Count One is not asserted against Brown.

99.     Count One is not asserted against Brown.

100.    Count One is not asserted against Brown.

101.    Count One is not asserted against Brown.

102.    Count One is not asserted against Brown.

103.    Count One is not asserted against Brown.

104.    Count One is not asserted against Brown.

105.    Count One is not asserted against Brown.

## Count Two

106.    In response to paragraph 106 of the complaint, Brown reasserts and incorporates his responses to the foregoing paragraphs above as though fully set forth herein.

107.    Brown denies the allegations in paragraph 107 of the complaint.

108.    Brown denies the allegations in paragraph 108 of the complaint.

109.    Brown denies the allegations in paragraph 109 of the complaint.

110.    Brown denies the allegations in paragraph 110 of the complaint.

111.    Brown denies the allegations in paragraph 111 of the complaint.

112.    Brown denies the allegations in paragraph 112 of the complaint.

113.    Brown denies the allegations in paragraph 113 of the complaint.

114.    Brown denies the allegations in paragraph 114 of the complaint.

115.    Brown denies the allegations in paragraph 115 of the complaint.

## Count Three

116.    In response to paragraph 116 of the complaint, Brown reasserts and incorporates his responses to the foregoing paragraphs above as though fully set forth herein.

117.    Brown denies the allegations in paragraph 117 of the complaint.

118.    Brown denies that he assaulted Feighan or that he touched Feighan in the manner alleged in the complaint.

119.    Brown denies that he assaulted Feighan or that he touched Feighan in the manner alleged in the complaint.

120.    Brown denies that he assaulted Feighan or that he touched Feighan in the manner alleged in the complaint.

121.    Brown denies that he assaulted Feighan or that he touched Feighan in the manner alleged in the complaint.

122.    Brown denies the allegations in paragraph 122 of the complaint.

123.    Brown denies the allegations in paragraph 123 of the complaint.

**Count Four**

124.    Count Four is not asserted against Brown.

125.    Count Four is not asserted against Brown.

126.    Count Four is not asserted against Brown.

127.    Count Four is not asserted against Brown.

128.    Count Four is not asserted against Brown.

129.    Count Four is not asserted against Brown.

130.    Count Four is not asserted against Brown.

131.    Count Four is not asserted against Brown.

132.    Count Four is not asserted against Brown.

133.    Count Four is not asserted against Brown.

134.    Count Four is not asserted against Brown.

135.    Count Four is not asserted against Brown.

**Count Five**

136.    Count Five is not asserted against Brown.

137.    Count Five is not asserted against Brown.

138.    Count Five is not asserted against Brown.

139.    Count Five is not asserted against Brown.

140.    Count Five is not asserted against Brown.

141.    Count Five is not asserted against Brown.

142.    Count Five is not asserted against Brown.

143.    Count Five is not asserted against Brown.

144.    Count Five is not asserted against Brown.

145.    Count Five is not asserted against Brown.

146.    Count Five is not asserted against Brown.

147.    Count Five is not asserted against Brown.

148.    Count Five is not asserted against Brown.

149.    Count Five is not asserted against Brown.

150.    Count Five is not asserted against Brown.

151.    Count Five is not asserted against Brown.

152.    Count Five is not asserted against Brown.

153.    Count Five is not asserted against Brown.

154.    Count Five is not asserted against Brown.

**Count Six**

155.    Count Six is not asserted against Brown.

156.    Count Six is not asserted against Brown.

157.    Count Six is not asserted against Brown.

158.    Count Six is not asserted against Brown.

159.    Count Six is not asserted against Brown.

160.    Count Six is not asserted against Brown.

161.    Count Six is not asserted against Brown.

162.    Count Six is not asserted against Brown.

163.    Count Six is not asserted against Brown.

164.    Count Six is not asserted against Brown.

165.    Count Six is not asserted against Brown.

166.    Count Six is not asserted against Brown.

167.    Count Six is not asserted against Brown.

## Count Seven

168.    Count Seven is not asserted against Brown.

169.    Count Seven is not asserted against Brown.

170.    Count Seven is not asserted against Brown.

171.    Count Seven is not asserted against Brown.

## Count Eight

172.    In response to paragraph 172 of the complaint, Brown reasserts and incorporates his responses to the foregoing paragraphs above as though fully set forth herein.

173.    Brown denies the allegations in paragraph 173 of the complaint.

174.    Brown denies that he assaulted Feighan or that he touched Feighan in the manner alleged in the complaint, that he discriminated against Brown, that he subjected Brown to a hostile work environment, or that his conduct gives rise to claims under federal or state law.

Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 174 of the complaint.

175.     Brown denies the allegations in paragraph 175 of the complaint.

176.     Brown denies that he assaulted or touched Feighan in the manner alleged in the complaint, that he discriminated against Brown, that he subjected Brown to a hostile work environment, or that his conduct gives rise to claims under federal or state law. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 176 of the complaint.

177.     Brown denies that he assaulted or touched Feighan in the manner alleged in the complaint, that he discriminated against Brown, that he subjected Brown to a hostile work environment, or that his conduct gives rise to claims under federal or state law. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 177 of the complaint.

178.     Brown denies that he assaulted or touched Feighan in the manner alleged in the complaint, that he discriminated against Brown, that he subjected Brown to a hostile work environment, or that his conduct gives rise to claims under federal or state law. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 178 of the complaint.

179.     Brown denies that he assaulted or touched Feighan in the manner alleged in the complaint, that he discriminated against Brown, that he subjected Brown to a hostile work environment, or that his conduct gives rise to claims under federal or state law. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 179 of the complaint.

180.     Brown admits that Feighan voluntarily resigned his employment in mid-2020. Brown denies that Feighan was fired. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 180 of the complaint.

181.     Brown denies the allegations in paragraph 181 of the complaint.

182.     Brown denies the allegations in paragraph 182 of the complaint.

183.     Brown denies that he assaulted or touched Feighan in the manner alleged in the complaint, that he discriminated against Brown, that he subjected Brown to a hostile work environment, or that his conduct gives rise to claims under federal or state law. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 183 of the complaint.

184.     Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184 of the complaint.

185.     The statement in paragraph 185 is a legal conclusion to which no response is required.

186.     Brown denies that he assaulted or touched Feighan in the manner alleged in the complaint, that he discriminated against Brown, that he subjected Brown to a hostile work environment, or that his conduct gives rise to claims under federal or state law. Brown lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 186 of the complaint.

187.     Brown denies the allegations in paragraph 187 of the complaint.

188.     To the extent that any allegation in the complaint is not specifically admitted above, Brown denies such allegations. Brown specifically denies that he assaulted or touched Feighan in the manner alleged in the complaint, that he discriminated against Brown, that he

subjected Brown to a hostile work environment, that his conduct gives rise to claims under federal or state law, that he is liable to Feighan in any way or that Feighan is entitled to any damages; penalties; pre-judgment or post-judgment interest; costs or attorney's fees.

### Affirmative Defenses

1.      Feighan's causes of action fail to state a claim upon which relief may be granted.

2.      Feighan's claims against Brown are barred, in whole or in part, by the exclusive remedies provided by DC Code § 32-1504.

3.      Feighan's claims fail in whole or in part because all of Brown's actions and conduct in relation to Feighan were reasonable and not undertaken with reckless disregard as to whether such acts or conduct violated applicable law.

4.      Feighan's claims fail in whole or in part because Feighan has failed to mitigate his alleged damages, if any.

5.      Feighan's claims fail in whole or in part because Feighan's alleged damages were not proximately caused by Brown's conduct.

6.      Feighan's purported remedies may be limited by the doctrine of after-acquired evidence, subject to a reasonable opportunity for investigation and discovery.

7.      Feighan's claims are barred in whole or in part by the applicable statutes of limitations.

8.      Brown did not discipline or otherwise take an adverse employment action against Feighan.

9.      Feighan was not terminated by Brown.

10.     This action or any relief sought by Feighan is barred, in whole or in part, by additional affirmative defenses that cannot now be asserted due to the generality of Feighan's pleadings and the fact that discovery has not been completed.

11.     Brown intends to reply upon any and all other defenses as may be developed through discovery or otherwise, and expressly reserves the right to amend or supplement his Answer and defenses as may be appropriate during the course of this litigation.

WHEREFORE, Bruce Brown respectfully requests judgment:

1.     Dismissing the Complaint in its entirety;

2.     Denying Feighan's request for compensatory and punitive damages;

3.     Denying Feighan's request for pre- and post-judgment interest;

4.     Denying Feighan's request for attorney's fees and costs;

5.     Awarding Brown his costs and expenses incurred in defending against Feighan's claims including, without limitation, his reasonable attorney's fees; and

6.     Awarding Brown such other and further relief as this Court deems just and proper.

Dated: March 19, 2021                          Respectfully submitted,


                                               */s/ Leslie Paul Machado*
                                               Leslie Paul Machado (Bar No. 472395)
                                               O'Hagan Meyer PLLC
                                               2560 Huntington Avenue, Suite 204
                                               Alexandria, Virginia 22303
                                               (703) 775-8607 (phone)
                                               (804) 403-7110 (facsimile)
                                               lmachado@ohaganmeyer.com

                                               ***Attorney for Bruce Brown***

**Certificate of Service**

I hereby certify that, on the 19th of March 2021, I filed the foregoing with the Court using the CM/ECF system, which will electronically serve all counsel of record who have entered an appearance in this case.

*/s/ Leslie Paul Machado*
Leslie Paul Machado