IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VAUGHN FEIGHAN,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DAVERSA PARTNERS,** *et al.***,**<br><br>**Defendants.** | Civil Action No. 20-cv-3759-BAH |

**JOINT STIPULATION AND PROTECTIVE ORDER REGARDING
PRODUCTION AND USE OF CONFIDENTIAL INFORMATION**

Plaintiff Vaughn Feighan and Defendants Resource Systems Group Inc. t/a Daversa Partners ("Daversa") and Bruce Brown, through their respective undersigned counsel, submit this Joint Stipulation and Protective Order Regarding Production and Use of Confidential Information ("Protective Order") for approval by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

Even before this Order is signed by the Court, the Parties agree to produce any documents subject to this Order and treat documents labeled as "Confidential" as subject to this Order.

Accordingly, it is this 6th day of July, 2021, by the United States District Court for the District of Columbia, ORDERED:

1.  <u>Designation of Discovery Materials as Confidential</u>.  This protective order applies to documents that may be produced by the Parties or third parties, and Parties may also mark as confidential any information produced by third Parties; confidential information shall be as set forth below:

(a)     The designation of confidential information shall be made by placing or affixing on the portion of document to be deemed confidential, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." The designation of "CONFIDENTIAL" shall be limited to the portions of the document containing the confidential information. Notwithstanding the foregoing, if an email contains confidential information, the entire email may be designated as confidential. One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains or includes: (a) trade secrets or other commercial, financial or proprietary information; (b) personnel files and related personnel information and documents; (c) documents, materials or information that are subject to any other protective order or agreement, confidentiality order or agreement, or any other order, ruling, or agreement preventing or limiting the disclosure of those documents, materials, or information; (d) documents, materials, or information otherwise protectable under applicable rules, statutes, or common law; (e) documents or materials that a party believes contain sensitive private, personal, medical or financial information. A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

(b)     Portions of depositions of a party or a party's present and former officers, directors, employees, agents, experts, family members, significant others or romantic partners, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within 20 days after receipt of the transcript. Designations of confidential information shall be made at the time of the deposition or by page if done after the deposition. Entire deposition transcripts shall not be designed as confidential.

(c)     Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph

(d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

    (d)    The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

    (i)    Disclosure may be made to the Court, the jury, and to any Mediator ordered by the Court or selected by the Parties;

    (ii)    Disclosure may be made to counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

    (iii)    Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

    (iv)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such must be told of the terms of this Order.

    (v)    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure

to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(e) Except as provided in subparagraph (d) above, the Parties and counsel for the parties shall make reasonable efforts to keep all documents designated as confidential which are received under this Order secure and within their exclusive possession. A Party's own use or disclosure of its own materials that would otherwise be protected under this Order may impact the protection allowed by this Order.

(f) All copies and duplicates (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2. <u>Confidential Information Filed with Court</u>. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to Local Civil Rule 5.1(h) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by Local Civil Rule 5.1(h). Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph 4 of this Confidentiality Order.

3. <u>Party Seeking Greater Protection Must Obtain Further Order</u>.  No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

Nothing contained herein is intended to, or shall serve to limit a Party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another Party.

4. <u>Challenging Designation of Confidentiality</u>.  If a party believes that a document designated as confidential by another party does not warrant the protection afforded hereunder, the non-disclosing party may challenge the designation by first notifying counsel for the disclosing party in writing and providing reasons for the challenge, and counsel shall meet and confer regarding the propriety of the designation.  If an agreement as to the designation is not reached, the non-disclosing party may file a motion with the Court with respect to the propriety of the disputed designation(s) and to be relieved of the obligations under this Protective Order.  The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.  The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.  The Court shall have the ability to award sanctions against any Party for an abuse of this Order.

5. <u>Return of Confidential Material at Conclusion of Litigation</u>.  At the conclusion of the litigation, all material treated as confidential under this Order shall be destroyed or returned to the producing party.  Notwithstanding this provision, Counsel are entitled to retain work product relating to the case, a copy of all pleadings, motion papers, transcripts, legal memoranda,

correspondence or attorney work product, consistent with their own document retention policies and even if such materials contain protected material. Any such archival copies that contain or constitute protected material remain subject to this Protective Order.  The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

6. No Documents Submitted to the Jury in Envelopes. Nothing shall require the submission of confidential materials to the jury or finder or fact in any envelope or with any other designation.

Respectfully submitted,

/s/ *Carla D. Brown*_____
Carla D. Brown, Bar No. 474097
CHARLSON BREDEHOFT COHEN
    & BROWN, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, VA  20190
(703) 318-6800  Telephone
(703) 318-6808  Facsimile
cbrown@cbcblaw.com

*Counsel for Plaintiff Vaughn Feighan*

/s/ *Stephen M. Silvestri*_____
Stephen M. Silvestri, Bar No. MD0026
Charles J. Kresslein, Bar No. 453509
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, MD 21209
(410) 415-2000  Telephone
(410) 415-2001  Facsimile
stephen.silvestri@jacksonlewis.com
charles.kresslein@jacksonlewis.com

*Counsel for Defendant Resource Systems*
    *Group., Inc. t/a Daversa Partners*


/s/ *Leslie Paul Machado*_____
Leslie Paul Machado, Bar No. 472395
O'Hagan Meyer PLLC
2560 Huntington Avenue, Suite 204
Alexandria, VA  22303
(703) 775-8607  Telephone
(804) 403-7110  Facsimile
lmachado@ohaganmeyer.com

*Counsel for Defendant Bruce Brown*

It is SO ORDERED:

_____
United States District Judge