IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VAUGHN FEIGHAN,<br><br>   Plaintiff,<br><br> v.<br><br>DAVERSA PARTNERS, *et al.*,<br><br>   Defendants. | Civil Action No. 20-cv-3759-BAH |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO BIFURCATE TRIAL ON THE AMOUNT OF PUNITIVE DAMAGES

1

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................. 2

RELEVANT RULES AND STANDARDS. ................................................................................. 3

ARGUMENT .................................................................................................................................. 4

A. Trial Should Be Bifurcated Into A Liability Phase And A Punitive Damages Phase, And Evidence Of RSG's Revenue And Profits Should Be Excluded From The Liability Stage Because It Is Irrelevant To A Liability Determination .......................................................... 4

B. Evidence Of RSG's Revenue And Profits Should Be Excluded From The Liability Stage Because It Is Prejudicial Against RSG ................................................................................. 5

CONCLUSION ............................................................................................................................... 6

Defendant Resource Systems Group Inc. t/a Daversa Partners ("RSG") submits this Memorandum in Support of its Motion in Limine to bifurcate trial on the issue of punitive damages and to preclude Plaintiff Vaughn Feighan ("Feighan") from offering evidence of RSG's financial condition until after a finding of liability and determination that he is entitled to punitive damages, because financial evidence is not relevant to a liability determination, and it is more prejudicial than probative at the liability stage.

## PRELIMINARY STATEMENT

Feighan claims he was subjected to a hostile work environment based on his sex and sexual orientation in violation of the District of Columbia Human Rights Act ("DCHRA") (Count I), and that RSG was negligent in retaining and failing to supervise the alleged harasser Bruce Brown ("Brown"), (Counts V and VI), which resulted in RSG's intentional infliction of emotional distress on Feighan (Count VIII). Feighan also alleges he is owed unpaid bonuses under the District of Columbia Wage Payment and Collection Law ("DCWPCL") (Count VII). RSG disputes that it is liable to Feighan under any of these claims.

The Amended Complaint seeks to recover, "punitive and exemplary damages, to be determined by a jury, on the above stated Counts One, Two, Three, Four, Five, Six, Eight and Nine."[1]

It is beyond dispute that evidence of RSG's financial condition is irrelevant to Feighan's harassment, negligent supervision, intentional infliction of emotional distress, and wage claims. Those claims will rise or fall based on evidence of Feighan's experience at work, and RSG's

---

[1] Counts Two and Three were asserted against the individual defendant Bruce Brown, but not against RSG. Counts Four and Nine were dismissed at Summary Judgment. Feighan thus seeks punitive damages only on the remaining counts One (Hostile Environment/Harassment), Five (Negligent Supervision and Retention), Six (Negligence or Gross Negligence), and Eight (Intentional Infliction of Emotional Distress).

2

awareness of it, and whether Feighan was entitled to a bonus after he was no longer employed. The company's financial condition cannot establish any of the elements of Feighan's asserted claims, so it is not relevant to a liability phase. RSG's financial information can only be relevant to the amount of punitive damages Feighan should be awarded, only after Feighan establishes liability against RSG and only after the jury determines Feighan is entitled to receive punitive damages.

Evidence RGS's revenue, profits or other financial information is also highly prejudicial at the liability phase because it would give the impression that RSG is profitable and it should pay Feighan simply because it can afford to do so. That is presumably the reason Feighan would seek to introduce evidence of the company's financial condition at the liability phase, to prejudice the jury into believing that RSG is wealthy and powerful, and Feighan was just one man who was reasonably afraid to stand up to RSG.

For these reasons, the trial should be bifurcated into a separate phase for the amount of punitive damages, and RSG's financial information should be excluded unless and until the jury holds RSG liable on any of Feighan's claims.

## **RELEVANT RULES AND STANDARDS.**

Under Fed. R. Civ. P. 42(b), a court may bifurcate claims or issues "to advance judicial economy, to avoid the possibilities of confusion, to further convenience, to avoid delay and prejudice, and to serve the ends of justice." *American Nat'l Red Cross v. Travelers Indem. Co.*, 924 F. Supp. 304, 306-308 (D.D.C. 1996) (internal citations omitted) (granting motion to bifurcate punitive damages to a separate phase avoid undue prejudice to the defendant, and because a finding of no liability could eliminate the need to try the punitive damages claim). A court has broad discretion to choose whether to bifurcate claims, and, "a court may order a case bifurcated even if only one criterion from Rule 42(b) is satisfied." *Id.*

Introducing evidence of wealth, size, corporate resources and ability to satisfy judgment is likely to bias a jury against a company, and it is appropriate to bifurcate the issue of punitive damages and only admit financial evidence after a finding of liability. *See Wells Fargo Bank, N.A. v. Porter*, No. 2016 CA 004571, 2022 D.C. Super. LEXIS 49 *12-13 (Jan. 7, 2022) (granting motion in limine to exclude evidence of a company's financial condition, which is relevant to punitive damages, until after a finding of liability because it is likely to bias a jury).

Relatedly, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Klotzbach-Piper v. AMTRAK*, No. 18-1702, 2022 U.S. Dist. LEXIS 186072 *5-6 (D.D.C. Oct. 12, 2022) citing Fed. R. Evid. 401.

Fed. R. Evid. 403 provides that a court may, "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Klotzbach-Piper*, 2022 U.S. Dist. LEXIS 186072 *6, citing Fed. R. Evid. 403. *See also United States ex rel. Scutellaro v. Capitol Supply, Inc.*, No. 10-1094, 2017 U.S. Dist. LEXIS 153654 *3-5 (D.D.C. Sept. 20, 2017) (excluding references to treble damages and penalties because it could influence the jury's award).

## ARGUMENT

### A. Trial Should Be Bifurcated Into A Liability Phase And A Punitive Damages Phase, And Evidence Of RSG's Revenue And Profits Should Be Excluded From The Liability Stage Because It Is Irrelevant To A Liability Determination

In this case, to advance judicial economy and convenience, the trial should be bifurcated pursuant to Fed. R. Civ. P. 42(b) into a first stage addressing RSG's liability, and a second phase on the amount of punitive damages because if RSG is not liable, or if Feighan is not entitled to punitive damages, it will eliminate the need for a second phase altogether. *See American Nat'l*

4

*Red Cross*, 924 F. Supp. At 306-308 (granting motion to bifurcate punitive damages to a separate phase because a finding of no liability could eliminate the need to try the punitive damages claim).

During the first liability phase, evidence of RSG's financial condition should be excluded because it is not relevant to Feighan's substantive claims. *See Wells Fargo Bank, N.A.*, 2022 D.C. Super. LEXIS 49 *12-13 (granting motion in limine to exclude evidence of a company's financial condition, which is relevant to punitive damages, until after a finding of liability because it is likely to bias a jury). The liability stage of the trial involves claims of hostile environment, RSG's alleged negligent supervision and retention of the alleged harasser Bruce Brown ("Brown"), and RSG's alleged non-payment of wages. RSG's financial condition should be excluded from the liability phase of trial because it is not relevant to any of these claims, nor can it prove or disprove whether Feighan was subjected to conduct so egregious that he is entitled to punitive damages.

## B. Evidence Of RSG's Revenue And Profits Should Be Excluded From The Liability Stage Because It Is Prejudicial Against RSG

The amount of punitive damages should also be bifurcated to a separate phase of trial pursuant to Fed. R. Civ. P. 42(b) to avoid prejudice to RSG, because evidence of its financial condition is likely to unfairly prejudice the jury.[2]

As noted above, evidence of wealth, size, corporate resources and ability to satisfy judgment is likely to bias a jury against a company. *See Wells Fargo Bank, N.A.*, 2022 D.C. Super. LEXIS 49 *12-13 (granting motion in limine to exclude evidence of a company's financial condition, which is relevant to punitive damages, until after a finding of liability because it is likely to bias a jury).

---

[2] RSG objected to Feighan's requests and has not produced evidence of RSG's revenue, profits or other financial evidence. RSG seeks to bifurcate the issue of punitive damages should Feighan obtain evidence of RSG's financial condition and seek to introduce it at trial.

5

In this case, unless and until the jury finds RSG liable, and also determines that Feighan is entitled to punitive damages, Feighan should be precluded from introducing any evidence related to RSG's revenue, profits or other financial information. Any attempt by Feighan to offer financial information at the liability stage to show that RSG is a profitable company is essentially asking the jury to hold in favor of Feighan simply because RSG "can afford it," and not because the conduct actually warrants such an award.

RSG respectfully requests that, given the potential prejudice of financial evidence, the Court should bifurcate the trial to prevent the jury from considering RSG's financial information unless and until after the jury has found RSG liable to Feighan and also determined that punitive damages are appropriate.

## CONCLUSION

For the foregoing reasons, RSG respectfully requests that its Motion in Limine be GRANTED and the trial be BIFURCATED into a liability phase and a punitive damages phase, and that evidence relating to RSG's financial condition be EXCLUDED from the liability phase because it is irrelevant and it is prejudicial.

June 5, 2023                                    Respectfully submitted,

/s/ Stephen M. Silvestri
Stephen M. Silvestri (Bar No. MD0026)
Charles J. Kresslein (Bar No. 453509)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
Phone: (410) 415-2000
Fax: (410) 415-2001
stephen.silvestri@jacksonlewis.com
charles.kresslein@jacksonlewis.com

*Counsel for Defendant*
*Resource Systems Group Inc. t/a Daversa Partners*

4860-8783-4216, v. 2